[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 01-16982

_____

D. C. Docket No. 94-06104-CR-DTKH

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 28 2002
THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL J. PETER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 28, 2002)

Before DUBINA and BARKETT, Circuit Judges, and FITZPATRICK*, District
Judge.

PER CURIAM:

Michael J. Peter ("Peter") appeals the denial of his petition for a writ of error

_____

*Honorable Duross Fitzpatrick, U.S. District Judge for the Middle District of Georgia,
sitting by designation.

coram nobis. Peter has already served a sentence imposed in 1996 on his plea of guilty to a charge of racketeering conspiracy based on predicate acts of mail fraud. He argues on appeal that he is entitled to coram nobis relief because the Supreme Court's decision in Cleveland v. United States, 531 U.S. 12 (2000), established that the conduct with which he was charged is not proscribed by the statute he was convicted of violating.

## BACKGROUND

After several rounds of litigation over two separate indictments returned against him in 1994 and 1995, Peter pled guilty on May 31, 1996, to a superseding information that charged him with a single count of conspiring to violate the Racketeer Influenced and Corrupt Organizations Act (RICO). A plea agreement filed by the parties explicitly stated that the only predicate crime supporting the RICO conspiracy was mail fraud under 18 U.S.C. § 1341, based on Peter's admission to including misrepresentations in license applications he mailed to the Florida Division of Alcoholic Beverages and Tobacco. Pursuant to the parties' agreement regarding an appropriate sentence, the district court imposed a $25,000 fine and sentenced Peter to 24 months' incarceration, followed by two years of supervised release. Having pled guilty, Peter did not directly appeal his sentence or conviction, nor did he file a post-conviction motion seeking relief pursuant to 28

U.S.C. § 2255. He served his sentence of imprisonment and was released on May 6, 1998. His period of supervised release ended on May 5, 2000.

On November 7, 2000, the Supreme Court decided Cleveland v. United States, 531 U.S. 12 (2000). Roughly a year later, Peter filed a challenge to his RICO conviction by way of a petition for writ of error coram nobis, arguing that the Supreme Court's decision in Cleveland had established that the acts forming the basis for his guilty plea did not constitute the predicate crime of mail fraud. The government never responded to the petition. On November 27, 2002, without a hearing, the district court entered a summary order denying relief. Peter filed a timely notice of appeal from that order.

## DISCUSSION

A district court's denial of coram nobis relief is reviewed for abuse of discretion, keeping in mind that "an error of law is an abuse of discretion per se." Alikhani v. United States, 200 F.3d 732, 734 (11th Cir. 2000).

In Cleveland, the Supreme Court held that the offense of mail fraud, as defined by 18 U.S.C. § 1341, requires that the object of the fraud "be property in the hands of the victim. State and municipal licenses in general. . . do not rank as 'property,' for purposes of § 1341, in the hands of the official licensor." 531 U.S. at 15. The misrepresentations alleged in the superseding information to which

Peter pled guilty were made solely for the purpose of obtaining alcoholic beverage licenses from the State of Florida. Thus, the facts to which Peter pled guilty did not constitute a crime under Cleveland. Decisions of the Supreme Court construing substantive federal criminal statutes must be given retroactive effect. Bousley v. United States, 523 U.S. 614, 620-21 (1998).

Peter argues that because his conduct was never a crime under § 1341, he is entitled to a writ of error coram nobis to invalidate the judgment. The government does not dispute Peter's reading of Cleveland. Rather, the government argues that Peter procedurally defaulted the present claim when he abandoned pretrial challenges, pled guilty, and declined to appeal. In the government's view, Peter's coram nobis petition must now be dismissed because Peter has not made any showing that qualifies him to proceed under an exception to the doctrine of procedural default. We conclude that the error demonstrated by Peter is of a kind that warrants relief despite his decision not to contest the government's charge at the time of his plea.

A writ of error coram nobis is a remedy available to vacate a conviction when the petitioner has served his sentence and is no longer in custody, as is required for post-conviction relief under 28 U.S.C. § 2255. As the Supreme Court explained in United States v. Morgan, 346 U.S. 502 (1954), coram nobis relief is

available after sentence has been served because "the results of the conviction may persist. Subsequent convictions may carry heavier penalties, civil rights may be affected." Id. at 512-13. Routine grant of coram nobis relief, however, would undermine the finality of criminal convictions, a finality achieved in most federal cases either at the time a conviction is affirmed on appeal or at the expiration of the period during which an appeal remains available. Due regard for the finality of criminal convictions counsels special restraint in the review of collateral attacks on convictions entered pursuant to guilty pleas. Failure to appeal such convictions waives challenges based on many types of error in the proceedings which culminated in entry of the plea. See Bousley v. United States, 523 U.S. 614, 621 (1998) (failure to appeal defaults claim that plea was not knowing and voluntary as result of district court's failure to inform defendant of nature of offense); United States v. Timmreck, 441 U.S. 780, 783-84 (1979) (refusing to entertain collateral attack based on "technical violation" in plea proceeding conducted pursuant to Federal Rule of Criminal Procedure 11). In giving force to this procedural bar, the Supreme Court has "strictly limited the circumstances under which a guilty plea may be attacked on collateral review." Bousley, 523 U.S. at 621.

At the same time, the law recognizes that there must be a vehicle to correct errors "of the most fundamental character; that is, such as rendered the proceeding

-5-

itself irregular and invalid."  Morgan, 346 U.S. at 509 n.15 (quoting United States

v. Mayer, 235 U.S. 55, 69 (1914)); see also United States v. Mills, 221 F.3d 1201,

1204 (11th Cir. 2000).  In essence, the writ of error coram nobis acts as an

assurance that deserved relief will not be denied as a result of the technical

limitations of other post-conviction remedies.  See Romualdo P. Esclavea,

Availability, Under 28 U.S.C.A. § 1651, Of Writ of Error Coram Nobis to Vacate

Federal Conviction Where Sentence Has Been Served, 38 A.L.R. Fed 617, §2(a)

(1978).  In order to determine whether Peter is entitled to relief, therefore, we must

determine whether the error comprised by a district court's acceptance of his plea

was of such a "fundamental character" as to have "rendered the proceeding itself

irregular and invalid."  Morgan, 346 U.S. at 509 n.15.

One type of claim that has historically been recognized as fundamental, and

for which collateral relief has accordingly been available, is that of "jurisdictional"

error.  See, e.g., United States v. Addonizio, 442 U.S. 178, 185 (1979) ("Habeas

corpus has long been available to attack convictions and sentences entered by a

court without jurisdiction.");  Keel v. United States, 585 F.2d 110, 114 (5th Cir.

1978) (en banc) (distinguishing, in challenge to conviction resting on guilty plea,

"jurisdictional" errors from those which may not be raised via collateral attack).

Since jurisdictional error implicates a court's power to adjudicate the matter before

it, such error can never be waived by parties to litigation.  See Louisville &

Nashville Railroad Co. v. Mottley, 211 U.S. 149, 152 (1908) (ordering case dismissed for lack of jurisdiction despite absence of objection from either party to trial court's previous adjudication of merits). In other words, the doctrine of procedural default does not apply.

The district courts of the United States have original and exclusive jurisdiction over "all offenses against the laws of the United States." 18 U.S.C. § 3231. Despite this broad grant of power, the decision in United States v. Meacham, 626 F.2d 503 (5th Cir. 1980),[1] establishes that a district court is without jurisdiction to accept a guilty plea to a "non-offense." In Meacham, the old Fifth Circuit reversed the convictions of five defendants who had been charged with "conspir[ing] to attempt" to import marijuana and to possess marijuana with the intent to distribute it. Id. at 507. The court found that Congress had not intended for the statutes on which the government relied to create "the conceptually bizarre crime of conspiracy to attempt." Id. at 508-09. Proceeding to address the question of whether a defendant's guilty plea waived his right to challenge the charges on appeal, the court stated that:

> [t]he objection that the indictment fails to charge an
> offense is not waived by a guilty plea. The violation of

---

[1]In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981), this Court adopted as binding precedent all decisions of the Fifth Circuit rendered prior to the close of business on October 1, 1981.

> Meacham's right to be free of prosecution for a nonoffense would bar his conviction even if his 'factual guilt' had been established validly. The entry of a guilty plea does not act as a waiver of jurisdictional defects such as an indictment's failure to charge an offense. Meacham's guilty plea does not bar reversal of his conviction.

Id. at 510 (citations omitted).

Since Meacham was decided, several decisions of this Court have reaffirmed its vitality. In United States v. Tomeny, 144 F.3d 749 (11th Cir. 1998), we cited Meacham for the proposition that "a claim that the indictment failed to charge an offense is a jurisdictional claim not waived by the entry of a guilty plea." Id. at 751. Tomeny further clarified that a claim is "jurisdictional" if it "can be resolved by examining the face of the indictment or the record at the time of the plea without requiring further proceedings." Id. (quoting United States v. Caperell, 938 F.2d 975, 977-78 (9th Cir. 1991)). Likewise, in Bell v. United States, 22 F.3d 274 (11th Cir. 1994), we cited Meacham as support for the rule that a guilty plea does not waive the objection that an indictment fails to charge an offense. Id. at 275 & n.4. See also United States v. Harper, 901 F.2d 471, 472 (5th Cir. 1990) (entertaining post-conviction challenge under 18 U.S.C. § 2255 based on indictment's failure to charge offense because such error "divests the sentencing court of jurisdiction").

The government argues that the language of Cotton v. United States, 122 S. Ct. 1781 (2002), appears to reject the rule of Meacham. We do not agree. In Cotton, the Supreme Court reversed the Fourth Circuit's vacation of seven defendants' sentences, rejecting the view that all "indictment defects are 'jurisdictional.'" Id. at 1785. In reaching this conclusion, the Court overruled Ex parte Bain, 121 U.S. 1 (1887), which had found jurisdictional error in a trial court's amendment of an indictment returned by a grand jury. As read by the Supreme Court in Cotton, the amendment at issue in Bain had been of little substantive import, involving only the striking of a clause which the trial court had deemed "superfluous." Cotton, 122 S. Ct. at 1784. Similarly, the error held not to be "jurisdictional" in Cotton involved only an omission from the indictment: the failure to allege a fact requisite to the imposition of defendants' sentences, namely, their trade in a threshold quantity of cocaine base. Id. at 1783. Indeed, the Court generally took pains to make this point clear. The Court stated the question presented as whether "the omission from a federal indictment of a fact that enhances the statutory maximum sentence justifies a court of appeals' vacating the enhanced sentence." Id. at 1783 (emphasis added). Later in the opinion, it framed the question as whether the court of appeals was correct in its "conclusion that the omission from the indictment was a 'jurisdictional' defect." Id. at 1784 (emphasis

added).

Unlike the error asserted here, there was no claim in Cotton that the indictment consisted only of specific conduct that, as a matter of law, was outside the sweep of the charging statute. Rather, the conviction reviewed in Cotton had been obtained on an indictment that unquestionably described the offense of conspiring to distribute and to possess with intent to distribute cocaine. The indictment omission went only to the legality of the defendants' sentences. Furthermore, the prosecution's evidence had been "overwhelming and essentially uncontroverted" on the very point of fact which the indictment had erroneously failed to allege. Id. at 1786 (internal quotation marks omitted). Hence the Supreme Court did not address whether the insufficiency of an indictment assumes a jurisdictional dimension when the only facts it alleges, and on which a subsequent guilty plea is based, describe conduct that is not proscribed by the charging statute.

This Court recognized the relevant distinction in McCoy v. United States, 266 F.3d 1245 (11th Cir. 2001). There, we evaluated a habeas claim based on the same error reviewed in Cotton: the failure of an indictment to allege the defendant's trade in at least the threshold quantity of cocaine base required for imposition of sentence under 18 U.S.C. § 841(b)(1)(A). The majority rejected a

"categorical approach that treats all indictment problems the same way." McCoy, 266 F.3d at 1252-53. It then distinguished the "type of indictment problem" involved in Meacham, where "the indictment is defective because it charged no crime at all," from indictment defects that do not give rise to jurisdictional error. Id. at 1253-54.[2]

Similarly, in United States v. Sanchez, 269 F.3d 1250 (11th Cir. 2001) (en banc), we distinguished between the claim that a defendant had been charged under a preempted statute and the claim that an indictment failed to allege an element of the charged offense. Sanchez, 269 F.3d at 1275 n.48. As the Sanchez court recognized, the former type of claim was held to be of jurisdictional dimension in United States v. Tomeny, 144 F.3d 749 (11th Cir. 1998). By describing Tomeny as "inapposite," Sanchez reaffirmed the importance of the distinction between indictment omissions and the affirmative allegation of specific conduct that is not proscribed by the charging statute.

The Government's reliance on Bousley v. United States, 523 U.S. 614 (1998), is likewise misplaced. In Bousley, the Supreme Court held the doctrine of

---

[2]The McCoy Court's discussion of different categories of indictment error followed its citation of Alikhani v. United States, 200 F.3d 732 (11th Cir. 2000), in which we rejected the view that "the failure of an indictment to state an offense. . . divests the district court of the power even to enter a judgment of acquittal." Id. at 735. As is demonstrated by McCoy's continued recognition of a distinct type of error in indictments that charge "no crime at all," Meacham remains good law after the Alikhani decision.

procedural default to apply to a prisoner's claim that his guilty plea was not knowing and voluntary because he had been misinformed of the nature of the offense with which he was charged. Specifically, he contended that the government had charged him with use of a firearm under 18 U.S.C. § 924(c)(1) without alleging that his possession of the firearm constituted "use" for purposes of that statute as defined by the Supreme Court in Bailey v. United States, 516 U.S. 137 (1995). The indictment under which Bousley was charged, however, did not affirmatively allege that he had possessed a gun in the very manner deemed by Bailey not to constitute "use" for purposes of § 924(c). Rather, the indictment simply recited the elements of the offense, without identifying any specific facts by which the alleged conduct would be shown. Bousley, 523 U.S. at 616 (quoting indictment's allegation that Bousley "knowingly and intentionally used. . . firearms during and in relation to a drug trafficking crime") (omission in original). As in Cotton, the indictment in Bousley unquestionably alleged the crime charged. Although the government's lack of specificity as to how it would prove the crime's elements left open the question of whether its case was limited to evidence of conduct not proscribed by § 924(c), the charge to which the defendant pled was a valid one.

By contrast, it cannot be gainsaid that the superseding information to which

-12-

Peter pled guilty alleged "mail fraud" of the very form held in <u>Cleveland</u> not to constitute an offense under § 1341.  The indictment charged Peter with making misrepresentations in license applications he mailed to a Florida state agency.  <u>Cleveland</u> held that state-issued licenses are not "property" for purposes of mail fraud under § 1341.  As in <u>Meacham</u>, it is clear under these circumstances that the Government's proof of the alleged conduct, no matter how overwhelming, would have brought it no closer to showing the crime charged than would have no proof at all.  The problem is not that the Government's case left unanswered a question as to whether its evidence would encompass a particular fact or element.  Rather, it is that the Government affirmatively alleged a specific course of conduct that is outside the reach of the mail fraud statute.  Peter's innocence of the charged offense appears from the very allegations made in the superseding information, not from the omission of an allegation requisite to liability.  In this circumstance, the rule of <u>Meacham</u>, that a district court lacks jurisdiction when an indictment alleges only a non-offense, controls.  The district court had no jurisdiction to accept a plea to conduct that does not constitute mail fraud, and the doctrine of procedural default therefore does not bar Peter's present challenge.

In <u>Alikhani v. United States</u>, 200 F.3d 732 (2000), we stated that a "genuine claim that the district court lacked jurisdiction to adjudicate the petitioner guilty

may well be a proper ground for coram nobis relief as a matter of law." Id. at 734. Indeed, jurisdictional error is by its nature of such a "fundamental character" as to render proceedings "irregular and invalid," Morgan, 346 U.S. at 509 n.15, and coram nobis relief affords a procedural vehicle through which such error may be corrected. When a court without jurisdiction convicts and sentences a defendant, the conviction and sentence are void from their inception and remain void long after a defendant has fully suffered their direct force. Moreover, as the Supreme Court reiterated in Spencer v. Kemna, 523 U.S. 1 (1998), "it is an obvious fact of life that most criminal convictions do in fact entail adverse collateral legal consequences." Id. at 12 (internal quotation marks omitted). See also Wolfe v. Coleman, 681 F.2d 1302, 1305 (11th Cir. 1982); Minor v. Dugger, 864 F.2d 124, 126 (11th Cir. 1989). Accordingly, a writ of error coram nobis must issue to correct the judgment that the court never had power to enter. Since coram nobis relief is available in this circumstance as a matter of law, the district court abused its discretion in summarily dismissing Peter's petition.

**REVERSED AND REMANDED**.