**[DO NOT PUBLISH]**

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE ELEVENTH CIRCUIT**

_____

**No. 05-10990**
**Non-Argument Calendar**

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 30, 2005
THOMAS K. KAHN
CLERK

D. C. Docket Nos. 00-01043-CV-H-E & 96-00051-CR-H-E

DOUGLAS GENE MAYBERRY,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

**Appeal from the United States District Court**
**for the Middle District of Alabama**

_____

**(November 30, 2005)**

Before TJOFLAT, BIRCH and BLACK, Circuit Judges.

**PER CURIAM:**

Federal prisoner Douglas Mayberry appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. Mayberry asserts count two of his indictment suffered from a jurisdictional defect because it charged multiple financial transactions as a criminal money laundering offense under 18 U.S.C. § 1956(a)(1)(A)(i).[1] The district court did not err in denying the motion, and we affirm.

When reviewing a district court's denial of a § 2255 motion, we review questions of law de novo and findings of fact for clear error. *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir.), *cert. denied*, 125 S. Ct. 167 (2004). "A jurisdictional defect is one that 'strip[s] the court of its power to act and ma[kes] its judgment void.'" *McCoy v. United States*, 266 F.3d 1245, 1249 (11th Cir. 2001) (citation omitted). An indictment suffers from a jurisdictional defect when it charges no crime at all. *Id.* at 1253; *United States v. Peter*, 310 F.3d 709, 713–715 (11th Cir. 2002) (citing *United States v. Meacham*, 626 F.2d 503, 510 (5th Cir. 1980), for the proposition a district court lacks jurisdiction when an indictment alleges only a non-offense, or rather, when the government alleges a

---

[1] 18 U.S.C. § 1956(a)(1)(A)(i) provides that, "[w]hoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity with the intent to promote the carrying on of specified unlawful activity . . . ."

specific course of conduct outside the reach of the applicable statute).  Courts "may hear a claim that the indictment or information fails to invoke the court's jurisdiction or to state an offense" at any time while the case is pending.  Fed. R. Crim. P. 12(b)(3)(B).

In *Peter*, we explained a jurisdictional defect in an indictment exists where the government alleges a specific course of conduct outside the reach of the applicable statute.  *Peter*, 310 F.3d at 715.  For instance, in *Meacham*, the court reversed the defendants' convictions for "conspiring to attempt" to import and possess with intent to distribute marijuana, holding Congress had not intended for the statutes at issue to create "the conceptually bizarre crime of conspiracy to attempt."  *Meacham*, 626 F.2d at 507–09.  In such instances, a defendant's "innocence of the charged offense appears from the very allegations made in the [indictment]. . . ."  *Peter*, 310 F.3d at 715.

In contrast, "[a] count in an indictment is duplicitous if it charges two or more 'separate and distinct' offenses."  *United States v. Schlei*, 122 F.3d 944, 977 (11th Cir. 1997).  Nevertheless, "[d]uplicity is not a fatal defect," *Reno v. United States*, 317 F.2d 499, 502 (5th Cir. 1963), and an objection to a duplicitous indictment is waived if not raised before trial, Fed. R. Crim. P. 12(b)(3)(B).  *See also United States v. Prescott*, 42 F.3d 1165, 1167 (8th Cir. 1994) (finding an

3

indictment duplicitous because it charged multiple financial transactions as a violation of 18 U.S.C. § 1956(a)(1)(B)(i), but holding the defendant waived this argument by failing to raise it before trial); *United States v. Klinger*, 128 F.3d 705, 708 (9th Cir. 1997) (finding the defendant waived his duplicitous indictment argument by failing to raise it before trial).  Notably, "defects in an indictment do not deprive a court of its power to adjudicate a case." *United States v. Cotton*, 122 S. Ct. 1781, 1785 (2002).

We have yet to address the distinction between a jurisdictionally defective indictment and a duplicitous indictment.  However, the Second Circuit addressed this issue in the identical context as raised in this case, namely, whether an indictment charging multiple financial transactions as a criminal money laundering offense under 18 U.S.C. § 1956(a)(1)(A) "states an offense which is cognizable, in the sense of charging conduct made illegal by statute." *United States v. Moloney*, 287 F.3d 236, 240 (2d Cir. 2002).  In addressing this issue, the court noted the defendant explicitly raised a jurisdictional defect claim and not a duplicity claim. *Id.*  However, the court stated jurisdictional concerns:

> are only weakly implicated where it is claimed that an indictment fails to charge a cognizable offense because it charges a continuing offense even though Congress did not expressly prohibit a continuing offense. Because these claims acknowledge the illegality of the individual acts alleged, they do not truly implicate the possibility of an innocent person being convicted.  Rather, these claims suggest that the form of

4

the indictment was wrong, in that it grouped offenses that could have been validly charged as individual counts into a collective count that, it might be argued, charges no crime. But claims that the indictment groups counts impermissibly are sufficiently addressed by the doctrine of duplicity, which inherently addresses the form of an indictment and protects against issues of confusion, pretrial notice, and jury compromises which are not implicated in this case. Raising such formalistic errors in framing an indictment to the level of jurisdictional defects exalts form over substance without providing any additional substantive benefit.

*Id.*

The above-cited language from *Moloney* supports our interpretation that Mayberry's jurisdictional defect argument is actually a duplicity argument. Moreover, those cases relied on by Mayberry, namely *United States v. Kramer*, 73 F.3d 1067, 1072 (11th Cir. 1996), and *United States v. Conley*, 826 F. Supp. 1536, 1544 (W.D. Pa. 1993), also support this interpretation, as those cases refer to duplicity problems with the allegation of multiple financial transactions in an indictment, not jurisdictional problems. As these cases demonstrate, Mayberry's objections are more appropriate as challenges to a duplicitous indictment, rather than a true jurisdictional challenge.

One of Mayberry's codefendants, Marlon Engle, argued on direct appeal that count two of the indictment was duplicitous. In doing so, Engle cited the *Conley* case at length in support of his argument. We rejected Engle's argument. *See United States v. Pruitt*, 174 F.3d 1215, 1221 (11th Cir. 1999). Thus, we reject

5

Mayberry's argument as well, and affirm the district court's denial of his § 2255 motion.

**AFFIRMED.**