[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 22, 2010
JOHN LEY
CLERK

No. 09-13081
Non-Argument Calendar
_____

D. C. Docket Nos. 09-90048-CV-CAR-5,
97-00079-CR-CAR

DERRICK B. JACKSON,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(April 22, 2010)

Before TJOFLAT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Derrick Jackson appeals the district court's denial of his pro se motion for writ of error coram nobis, 28 U.S.C. § 1651. Jackson challenged in his motion his

1998 conviction, pursuant to a guilty plea, for conspiracy to use a telephone to facilitate a drug enterprise, in violation of 21 U.S.C. § 843(b) and 18 U.S.C. § 2. On appeal, Jackson argues that the district court erred in construing his motion for coram nobis relief as a motion under 28 U.S.C. § 2255 because he was not in custody for the conviction he wished to challenge, and that his motion warranted coram nobis relief because (1) his counsel "tricked him into pleading guilty;" (2) he did not understand the nature and consequences of his guilty plea; and (3) his counsel failed to file a notice of appeal. After careful review, we affirm.

We review a district court's denial of coram nobis relief for abuse of discretion. United States v. Peter, 310 F.3d 709, 711 (11th Cir. 2002).

The All Writs Act, 28 U.S.C. § 1651(a), gives federal courts authority to issue a writ of error coram nobis. United States v. Mills, 221 F.3d 1201, 1203 (11th Cir. 2000). "A writ of error coram nobis is a remedy available to vacate a conviction when the petitioner has served his sentence and is no longer in custody, as is required for post-conviction relief under 28 U.S.C. § 2255." Peter, 310 F.3d at 712.

"The writ of error coram nobis is an extraordinary remedy of last resort available only in compelling circumstances where necessary to achieve justice." Mills, 221 F.3d at 1203. The bar for coram nobis is high and relief may issue only

where: (1) "there is and was no other available avenue of relief," and (2) "the error involves a matter of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular and invalid." Alikhani v. United States, 200 F.3d 732, 734 (11th Cir. 2000) (internal quotation omitted). Furthermore, a district court may consider coram nobis petitions only where the petitioner presents sound reasons for failing to seek relief earlier. United States v. Morgan, 346 U.S. 502, 512 (1954).

The district court did not abuse its discretion in denying Jackson's motion for a writ of error coram nobis.[1] First, Jackson has not shown that there were no other avenues of relief available. Alikhani, 200 F.3d at 734. Indeed, Jackson could have raised his claims challenging the voluntariness of his guilty plea on direct appeal, see United States v. Hernandez-Fraire, 208 F.3d 945, 949 (11th Cir. 2000) (addressing on direct appeal whether the defendant had made a knowing and voluntary guilty plea), and could have raised his claim of ineffective assistance of counsel in a § 2255 motion. See United States v. Merrill, 513 F.3d 1293, 1308 (11th Cir. 2008) (holding that an ineffective assistance of counsel claim is properly

---

[1] While the district court may have erred to the extent that it construed Jackson's motion for coram nobis relief as a § 2255 motion -- since Jackson was no longer in custody at the time he filed the motion, see Peter, 310 F.3d at 712 -- the district court alternatively denied Jackson's writ of error coram nobis on the merits. Because the district court articulated a valid alternative ground for denying Jackson's motion, no reversible error occurred.

3

raised in a collateral attack on the conviction under 28 U.S.C. § 2255). Moreover, Jackson waited nine years after being released from prison to move the district court for a writ of error coram nobis and does not present sound reasons for failing to seek relief earlier. See Morgan, 346 U.S. at 512. Thus, Jackson did not establish that he was entitled to this extraordinary remedy, and the district court did not abuse its discretion in denying Jackson's motion.

**AFFIRMED.**