[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-12412
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 23. 2012
JOHN LEY
CLERK

D.C. Docket No. 9:93-cr-08061-WPD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAUL MIRANDA-ALFARO,
a.k.a. Raul Alfaro Miranda,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 23, 2012)

Before DUBINA, Chief Judge, EDMONDSON and FAY, Circuit Judges.

PER CURIAM:

Appellant Raul Miranda-Alfaro, a Cuban national, appeals the district

court's denial of his motion for a writ of error *coram nobis* to set aside his 1993 guilty pleas and convictions for cocaine trafficking. In 1994, the district court sentenced Miranda-Alfaro to 24 months' imprisonment, below the 10-year statutory minimum, based on a motion from the government for his substantial assistance in other prosecutions. The district court denied his instant motion because, among other reasons, he could not satisfy the prejudice prong of an ineffective assistance of counsel claim.

On appeal, Miranda-Alfaro raises several arguments. He argues that *Padilla v. Kentucky*, 559 U.S. __, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010), announced a new rule of law that applies retroactively. He also argues that his motion was timely because he moved for relief within one-year of the *Padilla* decision. As to the prejudice prong of an ineffective assistance of counsel claim, he argues that the district court should either have presumed prejudice, or found that he showed actual prejudice because he swore in an affidavit that, had he known of the adverse immigration consequences of his guilty plea, he would not have pleaded guilty.

We review the denial of a writ of error *coram nobis* for abuse of discretion. *United States v. Peter*, 310 F.3d 709, 711 (11th Cir. 2002). We review a claim of ineffective assistance of counsel *de novo*. *Chandler v. United States*, 218 F.3d 1305, 1312 (11th Cir. 2000) (*en banc*). We review the district court's findings of

fact for clear error. *Holladay v. Haley*, 209 F.3d 1243, 1247 (11th Cir. 2000).

The All Writs Act, 28 U.S.C. § 1651(a), gives federal courts the authority to issue writs of error *coram nobis*. *United States v. Mills*, 221 F.3d 1201, 1203 (11th Cir. 2000). A movant establishes an ineffective assistance of counsel claim when he shows that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced him. *See Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). We need not address both components of the inquiry where the movant makes an insufficient showing on one. *Holladay v. Haley*, 209 F.3d at 1248.

Only three ineffective assistance of counsel circumstances merit a presumption of prejudice, of which a failure to advise about the immigration consequences of a guilty plea is not one. *See United States v. Cronic*, 466 U.S. 648, 659-60, 104 S. Ct. 2039, 2047, 80 L. Ed. 2d 657 (1984). In order to show prejudice when counsel did not advise the movant of the possible immigration effects of a guilty plea, the movant must show that a decision to reject a plea bargain would have been rational under the circumstances. *See Padilla*, 559 U.S. at ___, 130 S. Ct. at 1485.

Here, the record demonstrates that Miranda-Alfaro cannot satisfy the prejudice prong of an ineffective assistance of counsel claim because the district

3

court did not err when it declined to presume prejudice, and it did not clearly err when determined that his affidavit was unreliable considering the exceptional benefit he received from pleading guilty. The plea bargain lowered his sentence of imprisonment by eight years. Miranda-Alfaro cannot show that a rational person would have rejected his plea bargain. Thus, he cannot show prejudice. We need not consider his other arguments because, regardless of the retroactive applicability of *Padilla* or the timeliness of his motion, he cannot succeed on his underlying ineffective assistance of counsel claim. Accordingly, the district court appropriately denied Miranda-Alfaro's *coram nobis* petition, and we affirm its order.

**AFFIRMED.**