[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12096
Non-Argument Calendar
_____

D.C. Docket Nos. 1:11-cv-20773-UU,
1:01-cr-00360-UU-1

ROLANDO VALDES,

Petitioner - Appellant,

versus

UNITED STATES OF AMERICA,

Respondent - Appellee.
_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 18, 2013)

Before DUBINA, Chief Judge, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Petitioner-Appellant Rolando Valdes appeals the district court's denial of

his counseled motion for a writ of error *coram nobis*, 28 U.S.C. § 1651.  On

appeal, Valdes argues that the writ was necessary to remedy a violation of the rule in *Padilla v. Kentucky*, 559 U.S. __, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010), that counsel is ineffective for failing to advise a client of the immigration consequences of pleading guilty. He also asserts that, had his counsel informed him of the immigration consequences of his plea, he would not have pled guilty and would have proceeded to trial.

We review the denial of a writ of error *coram nobis* for abuse of discretion, "keeping in mind that an error of law is an abuse of discretion per se." *United States v. Peter*, 310 F.3d 709, 711 (11th Cir. 2002) (internal quotation marks omitted). The All Writs Act, 28 U.S.C. § 1651(a), gives federal courts the authority to issue writs of error *coram nobis*. *United States v. Mills*, 221 F.3d 1201, 1203 (11th Cir. 2000). The writ serves as a remedy available to vacate a conviction when the movant has served his sentence and is no longer in custody, unlike post-conviction relief under 28 U.S.C. § 2255. *Peter*, 310 F.3d at 712. *Coram nobis* is "an extraordinary remedy of last resort available only in compelling circumstances where necessary to achieve justice." *Mills*, 221 F.3d at 1203.

A movant establishes an ineffective assistance of counsel claim when he shows that (1) counsel's performance was deficient, and (2) the deficient

2

performance prejudiced him. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 674 (1984). Prejudice requires the defendant to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S. Ct. at 2068. The Court defined "reasonable probability" as a "probability sufficient to undermine the confidence in the outcome." *Id.* The Supreme Court in *Padilla* held that, to provide effective assistance, a criminal defense attorney must advise his client that the pending criminal charges against him may carry a risk of adverse collateral immigration consequences. 559 U.S. at ＿＿, 130 S. Ct. at 1483.

Here, assuming without deciding that *Padilla* applies retroactively, we conclude from the record that Valdes has not shown that any prejudice resulted from his counsel's failure to advise him of the immigration consequences of his guilty plea. The district court at the plea hearing, and the presentence investigation report ("PSI") prepared for sentencing, informed Valdes of the immigration consequences of his plea, yet he persisted in pleading guilty. These circumstances thus belie the statement in his affidavit that he would have proceeded to trial had his attorney advised him of the consequences of his plea.

Accordingly, we affirm the district court's order denying Valdes's motion

3

for a writ of *error coram nobis*.

**AFFIRMED.**