[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-15785

_____

D.C. Docket No. 2:90-cr-00059-HLA-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS GARCIA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the  Middle District of Florida

_____

(April 30, 2013)

Before HULL, ANDERSON and FARRIS,[*] Circuit Judges.

PER CURIAM:

--------

[*]Honorable Jerome Farris, United States Circuit Judge for the Ninth Circuit, sitting by designation.

Carlos Garcia, a citizen of Cuba, appeals the district court's denial of his petition for a writ of error coram nobis challenging his federal drug trafficking convictions that were obtained through a guilty plea, and for which he had already served his sentence.[1]  Garcia sought to vacate his convictions on grounds of ineffective assistance of counsel, pursuant to the Supreme Court's decision in Padilla v. Kentucky, 559 U.S. 356, 130 S. Ct. 1473 (2010), which held that counsel rendered deficient performance by failing to advise the client that a guilty plea carried the risk of deportation.  Garcia alleged in his coram nobis petition that (1) his trial counsel failed to inform him that his guilty plea may result in deportation, and, (2) had counsel properly advised him, Garcia would not have pled guilty to the drug trafficking offenses.

The district court denied Garcia's coram nobis petition, concluding that Padilla set forth a "new rule" that does not apply retroactively to cases on collateral review.  See Teague v. Lane, 489 U.S. 288, 310, 109 S. Ct. 1060, 1075 (1989) (plurality opinion) (holding that "new constitutional rules of criminal procedure" generally "will not be applicable to those cases which have become final before the

---

[1]"A writ of error coram nobis is a remedy available to vacate a conviction when the petitioner has served his sentence and is no longer in custody, as is required for post-conviction relief under 28 U.S.C. § 2255." United States v. Peter, 310 F.3d 709, 712 (11th Cir. 2002). We review a district court's denial of coram nobis relief for abuse of discretion, "keeping in mind that an error of law is an abuse of discretion per se." Id. at 711 (internal quotation marks omitted).

new rules are announced"); see also Howard v. United States, 374 F.3d 1068, 1073-77 (11th Cir. 2004) (applying the Teague retroactivity doctrine).

On appeal, Garcia argues that the district court erred in concluding that Padilla established a new rule for retroactivity purposes. Garcia also contends that his trial counsel's deficient performance under Padilla resulted in prejudice.

After Garcia filed his appellate brief, however, the Supreme Court decided Chaidez v. United States, 568 U.S. __, 133 S. Ct. 1103 (2013), which wholly disposes of Garcia's arguments. In Chaidez, as in the present case, the petitioner challenged her convictions via a coram nobis petition on the ground that her trial counsel rendered ineffective assistance by failing to advise her of the immigration consequences of pleading guilty. Id. at __, 133 S. Ct. at 1106. The district court granted relief based on Padilla, but the Seventh Circuit reversed. Id. The Supreme Court upheld the Seventh Circuit's denial of coram nobis relief, holding that Padilla established a "new rule" for retroactivity purposes, and that "defendants whose convictions became final prior to Padilla therefore cannot benefit from its holding." Id. at __, 133 S. Ct. at 1113.

In light of the Supreme Court's decision in Chaidez, we affirm the district court's denial of Garcia's coram nobis petition.

**AFFIRMED.** [2]

---

[2]This appeal was originally scheduled for oral argument, but under 11th Circuit Rule 34–3(f), this Court hereby decides it on the briefs, without oral argument.  The government's unopposed motion to remove the appeal from the oral argument calendar is dismissed as moot.