[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11139
Non-Argument Calendar
_____

D.C. Docket No. 8:13-cv-00210-SDM-EAJ


STEPHEN OLUSEGUN BANJOKO,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 30, 2013)

Before TJOFLAT, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Stephen Banjoko, proceeding pro se, appeals the denial of his petition for a writ of error coram nobis.[1]  According to his petition, Banjoko was a native and citizen of Nigeria and, in 2000, became a lawful permanent resident of the United States.  In 2003, Banjoko pled guilty to conspiracy to commit witness tampering, in violation of 18 U.S.C. §§ 371, 1512(b)(1).  Banjoko was sentenced to six months in prison and two years of supervised release, all of which he has completed.  The Department of Homeland Security initiated deportation proceedings against him due to his conviction, and placed him in immigration detention.

In his coram nobis petition, Banjoko sought to vacate his federal conviction on grounds of ineffective assistance of counsel, arguing that (1) his trial attorney failed to advise him that his guilty plea carried the risk of deportation, and (2) if Banjoko had known about the immigration consequences of his guilty plea, he would have negotiated a different plea deal or proceeded to trial.  Banjoko relied on Padilla v. Kentucky, 559 U.S. 356, 130 S. Ct. 1473 (2010), which held that counsel rendered deficient performance by failing to advise the client that a guilty plea carried the risk of deportation.

---

[1]"A writ of error coram nobis is a remedy available to vacate a conviction when the petitioner has served his sentence and is no longer in custody, as is required for post-conviction relief under 28 U.S.C. § 2255." United States v. Peter, 310 F.3d 709, 712 (11th Cir. 2002). We review a district court's denial of coram nobis relief for abuse of discretion, "keeping in mind that an error of law is an abuse of discretion per se." Id. at 711 (internal quotation marks omitted).

2

The district court denied Banjoko's coram nobis petition, concluding, in part, that Padilla did not apply retroactively to cases on collateral review. See Teague v. Lane, 489 U.S. 288, 310, 109 S. Ct. 1060, 1075 (1989) (plurality opinion) (holding that "new constitutional rules of criminal procedure" generally "will not be applicable to those cases which have become final before the new rules are announced"); see also Howard v. United States, 374 F.3d 1068, 1073-77 (11th Cir. 2004) (applying the Teague retroactivity doctrine). Banjoko timely appealed.

Shortly after the district court denied Banjoko's petition, the Supreme Court decided Chaidez v. United States, 568 U.S. __, 133 S. Ct. 1103 (2013), which wholly disposes of this appeal. In Chaidez, as in the present case, the petitioner challenged her convictions via a coram nobis petition on the ground that her trial counsel rendered ineffective assistance by failing to advise her of the immigration consequences of pleading guilty. Id. at __, 133 S. Ct. at 1106. The district court granted relief based on Padilla, but the Seventh Circuit reversed. Id. The Supreme Court upheld the Seventh Circuit's denial of coram nobis relief, holding that Padilla established a "new rule" for retroactivity purposes, and that "defendants whose convictions became final prior to Padilla therefore cannot benefit from its holding." Id. at __, 133 S. Ct. at 1113.

3

In light of the Supreme Court's decision in <u>Chaidez</u>, we affirm the district court's denial of Banjoko's <u>coram nobis</u> petition.

**AFFIRMED.**