[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13344
Non-Argument Calendar
_____

D.C. Docket No. 5:10-cr-00020-MSS-PRL-1

ANTHONY E. MARCHESSEAULT,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 30, 2014)

Before TJOFLAT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

On June 16, 2010, Anthony Marchesseault was indicted for violating 18 U.S.C. § 1038(a)(1)(A) by "caus[ing] a package containing a hoax explosive to be deposited in the United States Mail with insufficient postage that falsely represented that it was being sent from the Chairman and Chief Executive Officer of a company, for which [he] previously served as a contractor, to Dr. Al-Zarquawi Gjasd A Da S., Baghdad University, Iraq." Doc. 3. Pursuant to a plea agreement, Marchesseault pleaded guilty to the offense, and, on December 7, 2010, the District Court sentenced him to a one-year term of probation conditioned on his serving one hundred hours of community service, attending anger-management classes, and making restitution in the sum of $2,711. Doc. 37.

After serving the term of probation and complying with its conditions, Marchesseault, on February 4, 2013, moved the District Court for reconsideration. The court treated the motion as a challenge to his conviction and sentence, and therefore brought under 28 U.S.C. § 2255. On May 15, 2013, the court denied the motion as time-barred because it had not been filed within one year of the date Marchesseault's conviction became final. Doc. 47 at 3-4.

On July 19, 2013, Marchesseault filed a notice of appeal challenging the District Court's May 15, 2013, order. On July 15, 2014, this court treated

Marchessealut's February 4, 2013, motion as a petition for writ of error coram nobis and entertained the appeal.[1]

"Federal courts have authority to issue a writ of error coram nobis under the All Writs Act, 28 U.S.C. § 1651(a)." United States v. Mills, 221 F.3d 1201, 1203 (11th Cir. 2001). A writ of error coram nobis is available to vacate a conviction after the petitioner has served his sentence. United States v. Peter, 310 F.3d 709, 712 (11th Cir. 2002). "The writ of error coram nobis is an extraordinary remedy of last resort available only in compelling circumstances where necessary to achieve justice." Mills, 221 F.3d at 1203. Coram nobis relief is limited to the most fundamental errors, and such relief is only proper when "no other remedy is available and the petitioner presents sound reasons for failing to seek relief earlier." Id. at 1203–04; see Alikhani v. United States, 200 F.3d 732, 734 (11th Cir. 2000) (concluding that defendant's claims could have been raised in a pretrial motion and were therefore not cognizable on coram nobis review).

The errors flagged by Marchesseault in his motion to reconsider relate to errors in events that occurred prior to his plea of guilty, the plea itself, his presentence investigation report, his restitution, and the effectiveness of his

---

[1] We held that the appeal was timely. Because the District Court did not enter a judgment in a separate document, we deemed its order entered 150 days after May 15, 2013.

attorney.[2]  He has provided no "sound reasons" as to why these issues could not have been raised in pretrial motions, on direct appeal, or in a timely filed § 2255 motion.  See Mills, 221 F.3d at 1204; see also Alikhani, 200 F.3d at 734.

AFFIRMED.

---

[2] Marchesseault waived several of these issues by pleading guilty and by failing to raise these issues related to his guilty plea on direct appeal.  See Peter, 310 F.3d at 712 (noting that the failure to challenge a guilty plea on direct appeal waived several types of error in the proceedings which resulted in the guilty plea); see also Smith v. United States, 532 F.3d 1125, 1127 (11th Cir. 2008) (stating that a guilty plea waives all non-jurisdictional challenges to a conviction).