[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11561
Non-Argument Calendar
_____

D.C. Docket Nos. 9:17-cv-81045-DMM; 9:07-cr-80125-DMM-1

NASSER GHELICHKHANI,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 30, 2018)

Before WILSON, WILLIAM PRYOR, and HULL, Circuit Judges.

PER CURIAM:

Nasser Ghelichkhani, proceeding pro se, appeals the dismissal of his petition for a writ of *coram nobis* under 28 U.S.C. § 1651(a) as untimely.  He argues that his petition was timely because severe stress prevented him from filing his petition within seven years of his release from federal custody.  He also asserts that some of the facts stated in his petition were previously unknown to him and that he feared that his case would be remanded for further criminal proceedings.  We affirm the district court's dismissal of Ghelichkhani's petition for a writ of *coram nobis*.

I.

We review a district court's denial of *coram nobis* relief for abuse of discretion.  *United States v. Peter*, 310 F.3d 709, 711 (11th Cir. 2002).

The All Writs Act, 28 U.S.C. § 1651(a), provides a federal court with authority to issue a writ of error *coram nobis*, which allows a petitioner to vacate a conviction after he has served his entire sentence.  *United States v. Mills*, 221 F.3d 1201, 1203 (11th Cir. 2000); *Peter*, 310 F.3d at 712.  *Coram nobis* relief is available after the sentence has been served because "the results of the conviction may persist.  Subsequent convictions may carry heavier penalties, civil rights may be affected."  *United States v. Morgan*, 346 U.S. 502, 512–13 (1954).  The *coram nobis* writ is an extraordinary remedy that is only available where (1) no other avenue of relief is or was available, and (2) the petitioner presents a fundamental

2

error that made his criminal proceedings irregular and invalid.  *Id.*; *Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir. 2000).  In addition, the petitioner must present "sound reasons for failing to seek relief earlier."  *Mills*, 221 F.3d at 1204.

The district court did not abuse its discretion in dismissing Ghelichkhani's petition for a writ of *coram nobis* as untimely.  Ghelichkhani failed to provide any sound reasons as to why he waited over seven years after he was released from federal custody to file his petition.  *Mills*, 221 F.3d at 1204; *Peter*, 310 F.3d at 711.  Ghelichkhani's claim that he was unable to file his petition sooner because he was unable to think about his criminal proceedings without suffering severe stress is belied by his prior litigation history.  Ghelichkhani is a prolific pro se filer.  His litigation history reveals that he has filed multiple pro se collateral attacks on his conviction and sentences, including a premature motion to vacate under 28 U.S.C. § 2255, a petition for habeas corpus, and numerous motions requesting sentence reductions, immediate release, or the disqualification or recusal of the district court judge.

Ghelichkhani's claim that some of the facts relied upon in his petition were previously unknown to him earlier is similarly unconvincing.  He fails to state what facts were unknown to him or why they were not previously discoverable.  Without presenting sound reasons for failing to seek relief earlier, Ghelichkhani is not entitled to relief by writ of *coram nobis*.  *See Morgan*, 346 U.S. at 512–13.

3

Moreover, Ghelichkhani fails to show that no other avenue for relief is or was available to him, or that there was a fundamental error that made his criminal proceedings irregular or invalid. *Alikhani*, 200 F.3d at 734. Accordingly, the district court did not abuse its discretion, and we affirm.

**AFFIRMED.**