[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11177

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JOHNNY BRETT GREGORY,

Defendant -Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 4:06-cr-00010-WMR-WEJ-1

_____

Before WILLIAM PRYOR, Chief Judge, JILL PRYOR and BRANCH, Circuit Judges.

PER CURIAM:

Johnny Gregory, a former federal prisoner, appeals *pro se* the denial of his petition for a writ of error coram nobis. 28 U.S.C. § 1651(a). We affirm.

The district court did not abuse its discretion when it denied Gregory's petition. The district court may issue a writ of error coram nobis only if "there is and was no other available avenue of relief" and "the error involves a matter of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular and invalid." *Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir. 2000). Gregory does not dispute, and our review of the record confirms, that he made no "cogent argument as to why he is entitled to [coram nobis] relief." *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). In addition, while a petitioner may use the writ of coram nobis "to vacate a conviction when [he] has served his sentence and is no longer in custody," *United States v. Peter*, 310 F.3d 709, 712 (11th Cir. 2002), Gregory is ineligible for relief under the writ because he is still serving his term of supervised release.

We **AFFIRM** the denial of Gregory's petition for a writ of error coram nobis.