[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-14435

Non-Argument Calendar

_____

LAZARO VELIZ,

Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:20-cv-20264-FAM

_____

Before WILSON, ROSENBAUM, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Lazaro Veliz, a federal prisoner, appeals the district court's denial of his authorized, successive 28 U.S.C. § 2255 motion to vacate. The district court dismissed his petition under the procedural default rule because Mr. Veliz failed to raise his claims on direct review and could not qualify for any exceptions to the rule. The district court granted a certificate of appealability on the issue of whether Mr. Veliz's claim is barred from relief under the procedural default rule as set forth in *Granda v. United States*, 990 F.3d 1272 (11th Cir. 2021), *cert. denied*, 142 S. Ct. 1233 (2022). After careful review, we conclude his claims under *Davis v. United States*, 139 S. Ct. 2319 (2019) are not jurisdictional and therefore subject to procedural default. Further, we conclude that Mr. Veliz's cause-and-prejudice argument and his actual innocence argument are controlled by *Granda* and therefore fail. Accordingly, we **AFFIRM**.

I.

We assume the parties are familiar with the facts and recount only a brief procedural history for this appeal. Mr. Veliz and his co-conspirators were convicted of planning and carrying out robberies of Brinks and Wells Fargo money messengers in Miami, Florida. In 2001, Mr. Veliz was indicted in a thirty count, second superseding indictment for multiple counts of both conspiracy to

commit Hobbs Act robbery and substantive Hobbs Act robbery, 18 U.S.C. §§ 1951, 1952.  He was also charged with carrying a firearm in furtherance of these crimes of violence, in violation of 18 U.S.C. § 924(c), (o).  Both the Hobbs Act conspiracy charges and the substantive Hobbs Act charges were alleged as predicate "crimes of violence" under the definitions found in § 924(c)(3).

Recently, the Supreme Court has narrowed the scope of what constitutes a crime of violence under 18 U.S.C. § 924(c).  In *United States v. Davis*, the Supreme Court held that the statute's residual clause definition of a "crime of violence," § 924(c)(3)(B), was unconstitutionally vague.  *Davis*, 139 S. Ct. at 2324.  Accordingly, with this court's permission, Mr. Veliz filed this successive habeas petition in the district court raising a challenge under *Stromberg v. California*.  *See* 283 U.S. 359, 367–68 (1931) (holding that a conviction must be set aside if it was rendered by general verdict and one theory supporting the conviction is invalidated).  Because Mr. Veliz had not raised the unconstitutionality of the residual clause in his direct criminal proceedings, the district court held that he had procedurally defaulted this challenge.  The district court further held that his challenge was not jurisdictional in nature, that he could not show cause-and-prejudice under this court's *Granda* precedent, nor could he show actual innocence under *Granda*.  Accordingly, the district court dismissed the petition, but granted Mr. Veliz a certificate of appealability to address *Granda*'s applicability to this case.

*A.*

We turn first to Mr. Veliz's argument that his challenge is jurisdictional in nature and cannot be procedurally defaulted. A habeas petitioner "can avoid the procedural-default bar altogether, . . . if the alleged error is jurisdictional." *United States v. Bane*, 948 F.3d 1290, 1294 (11th Cir. 2020) (citing *United States v. Peter*, 310 F.3d 709, 711–13 (11th Cir. 2002) (per curiam)). "[A] district court lacks jurisdiction when an indictment alleges only a non-offense." *Peter*, 310 F.3d at 715. This is because an indictment that only alleges non-criminal conduct does not invoke the district court's jurisdiction to adjudicate "offenses against the laws of the United States" under 18 U.S.C. § 3231. *See id.* at 713. But we held in *United States v. Brown* that, as long as an indictment alleges that the defendant's conduct constituted at least some violation of federal law, defects in an indictment are not jurisdictional errors. 752 F.3d 1344, 1354 (11th Cir. 2014) (holding that the omission of an element of the charged offense is not a jurisdictional error "[s]o long as the indictment charges the defendant with violating a valid federal statute as enacted in the United States Code").

Here, Mr. Veliz's § 924(c) and (o) charges relied on both substantive Hobbs Act robbery and conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951 and 1952. *Davis* tells us that carrying a firearm in furtherance of a Hobbs Act conspiracy is a "non-offense" under § 924(c) because a Hobbs Act conspiracy is not a crime of violence. However, *Davis* did nothing to change the fact that carrying a firearm in furtherance of a substantive Hobbs

Act robbery *is* an offense because, substantive Hobbs Act robbery remains a crime of violence under § 924(c)(3)(A). Mr. Veliz's indictment rested his § 924(c) and (o) charges on both predicates and thus the indictment did not allege "only a non-offense." *See Peter*, 310 F.3d at 715. Thus, the error in the indictment was not jurisdictional, and accordingly, his *Davis* claim was procedurally defaulted by his failure to raise it on direct review.

### B.

Turning next to Mr. Veliz's cause-and-prejudice argument, his argument is foreclosed by our ruling in *Granda*. A defendant can excuse his procedural default if he can show both "cause to excuse the default <u>and</u> actual prejudice from the claimed error." *Granda*, 990 F.3d at 1286. In this context, a defendant can show cause if the habeas petition is based on a novel legal rule that was not available to counsel on direct appeal. *Id.* In *Granda*, we considered whether a *Davis* challenge presents a novel constitutional rule that gave defendants cause to be excused from their procedural default. *Id.* We concluded it did not, holding that Granda "did not then lack the 'building blocks of' a due process vagueness challenge to the § 924(c) residual clause." *Id.* at 1287 (quoting *Bane*, 948 F.3d at 1297). We noted that as early as 1986 litigants were bringing vagueness challenges to other portions of § 924(c), and those cases showed that the tools were available for defendants seeking to challenge § 924(c)'s residual clause. *Id.* at 1288; *see also Pitts v. Cook*, 923 F.2d 1568, 1572 n.6 (11th Cir. 1991) ("Even if others have not been raising a claim , the claim may still be unnovel if

a review of the historical roots and development of the general is-
sue involved indicate that petitioners did not "lack[ ] the tools to
construct their constitutional claim.").

Here, Mr. Veliz conceded the applicability of *Granda* in his
initial brief: "Mr. Veliz acknowledges that this Court is bound by
the decision[] in *Granda* . . . regarding the showing required to
demonstrate 'cause' to excuse procedural default, notwithstanding
the decisions of other circuit courts to the contrary. He raises the
issue herein to preserve it for further review." Because Veliz con-
cedes the applicability of *Granda*, we need not address it much fur-
ther. Simply put, we held in *Granda* that *Davis* did not constitute
a novel enough constitutional rule to excuse a defendant's failure
to raise the issue on direct review. So here, Mr. Veliz cannot show
cause to avoid the procedural default of his *Davis* claim. The pro-
cedural default rule requires a showing of both cause *and* prejudice,
but we need not address Mr. Veliz's prejudice arguments because
his "failure to establish cause is fatal." *Bane*, 948 F.3d at 1297. Ac-
cordingly, Mr. Veliz has failed to show cause-and-prejudice under
our precedents to excuse his procedural default.

## C.

Finally turning to Mr. Veliz's claim of actual innocence, this
too fails. If a petitioner cannot show cause-and-prejudice, they may
alternatively avoid the procedural-default bar if they can show "ac-
tual innocence" of the conviction. *Granda*, 990 F.3d at 1286, 1292–
93. But this exception is narrow and "[a]ctual innocence means

factual innocence, not mere legal innocence." *Id.* at 1292 (quotation marks omitted) (quoting *Lynn v. United States*, 365 F.3d 1225, 1235 n.18 (11th Cir. 2004) (per curiam)). Like in *Granda*, Mr. Veliz must show "that no reasonable juror would have concluded he conspired to possess a firearm in furtherance of any of the valid predicate offenses." *Id.* In *Granda*, we held that the petitioner there could not establish actual innocence because the factual circumstances of the conspiracy charges and the substantive charges were "inextricably intertwined" such that a jury could not have reasonably convicted—or acquitted—the petitioner of one without the other. *Id.* at 1290, 1292.

Here, Mr. Veliz again concedes "*Granda*'s holding that his claim [is] one of 'legal' rather than 'actual' innocence, but [he] respectfully disagrees." He argues that the Supreme Court's decision in *Bousley v. United States*, 523 U.S. 614 (1998), supports that claims of legal innocence are sufficient to show actual innocence. However, barring intervention of the en banc court, under our prior panel rule we are bound to apply this court's *Granda* decision to the facts in this case. *See Sabal Trail Transmission, LLC v. 18.27 Acres of Land in Levy Cnty.*, 59 F.4th 1158, 1164 (11th Cir. 2023) (explaining our prior panel rule). Mr. Veliz was charged both with planning to rob money messengers and with actually robbing them. He was charged with carrying a firearm in furtherance of both crimes. At trial there was no evidence or theory of the case offered by Mr. Veliz that would have allowed the jury to convict him for carrying a gun to further the plan of committing the

robberies without also convicting him for carrying a gun in further-ance of the robberies themselves. Accordingly, the Hobbs Act charges are inextricably intertwined, *Granada*, 990 at 1290, 1292, and Mr. Veliz cannot show actual innocence for the crimes charged.

⋆    ⋆    ⋆

Accordingly, Mr. Veliz's *Davis* challenge is not jurisdictional and was thus subject to procedural default. Under this court's bind-ing precedent in *Granda*, he cannot show either cause-and-preju-dice, nor actual innocence, to excuse the default. Accordingly, the dismissal of his petition is **AFFIRMED.**

**AFFIRMED.**