**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-11541

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

CODY DILLON HOGAN,
a.k.a. stonetelephone,

Defendant-Appellant.

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:20-cr-00143-BJD-MCR-1

————————————

Before LAGOA, ABUDU, and ANDERSON, Circuit Judges.

PER CURIAM:

Cody Hogan is a federal prisoner who was convicted of attempted production of child pornography, sentenced to 240

months' imprisonment, and ordered to pay $71,000 in mandatory restitution. Hogan appeals the denial of his pro se petition for a writ of error coram nobis, in which he sought relief from the sentencing court's order of mandatory restitution, and the denial of his motion for reconsideration. He argues that the district court abused its discretion in its denial of coram nobis relief because it did not articulate or apply the correct standard, and it based its denial solely on past affirmances of his sentence and the passage of time.

We review a district court's denial of a petition for a writ of error coram nobis, and its denial of a motion for reconsideration, for an abuse of discretion. *Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir. 2000); *Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1254 (11th Cir. 2007). A district court abuses its discretion if it commits an error of law or makes a factual finding that is clearly erroneous. *Gonzalez v. United States*, 981 F.3d 845, 850 (11th Cir. 2020). After reviewing all of the evidence, we "must be left with a definite and firm conviction that a mistake" has been made in order to determine that a factual finding by the district court was clearly erroneous. *Id.*

Under the All Writs Act, federal courts may issue writs of error coram nobis as an "extraordinary remedy of last resort available only in compelling circumstances where necessary to achieve justice." 28 U.S.C. § 1651(a); *United States v. Mills*, 221 F.3d 1201, 1203 (11th Cir. 2000). A writ of error coram nobis may "vacate a conviction when the petitioner has served his sentence and is no

longer in custody, as is required for post-conviction relief under" 28 U.S.C. § 2255. *United States v. Peter*, 310 F.3d 709, 712 (11th Cir. 2002).

"The bar for coram nobis relief is high." *Alikhani*, 200 F.3d at 734. It requires that no other remedy is or was available, the petitioner presents sound reasons for failing to seek relief earlier, and "the error involves a matter of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular and invalid." *Id.* (quotation marks and internal citation omitted); *Gonzalez*, 981 F.3d at 851.

A claim is not facially cognizable under coram nobis if the defendant could have pursued it through other available avenues, but did not. *See Alikhani*, 200 F.3d at 734. Although coram nobis is an "extraordinary" remedy, we recently clarified that a prisoner need not be out-of-custody in order to use it to challenge a non-custodial aspect of his sentence, such as a restitution order. *Ramdeo v. United States*, 136 F.4th 1348, 1351-52, 1354 (11th Cir. 2025) (holding that coram nobis is not categorically unavailable to prisoners in custody, but also that this "does nothing to lower the high bar that any petitioner must clear to qualify for such relief.").

Here, we conclude that the district court did not abuse its discretion in denying Hogan's petition for writ of error coram nobis because he could have challenged restitution prior to his plea agreement, at his change-of-plea hearing, or at sentencing, and his direct appeal challenges to restitution demonstrate that other remedies continued to be available to him. Additionally, he cannot use

4                        Opinion of the Court                   25-11541

a motion for reconsideration to relitigate old matters. Accordingly, the district court's denial of coram nobis relief is affirmed.

**AFFIRMED.**