NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 25, 2013
Decided March 19, 2013

**Before**

RICHARD A. POSNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 12-3408 | |
| | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | |
| | No. 11-CR-74 |
| *v.* | |
| TYRONE A. LOWE, *Defendant-Appellant.* | Lynn Adelman, *Judge*. |

**O R D E R**

Tyrone Lowe pleaded guilty to possession of a firearm by a felon. *See* 18 U.S.C. § 922(g)(1). In his plea agreement, he acknowledged three prior convictions for violent felonies, agreed that he might be sentenced as an armed career criminal, and waived any pretrial motions. In exchange the government agreed to a three-level reduction under U.S.S.G. § 3E1.1 for acceptance of responsibility and recommended the statutory minimum sentence of 180 months. *See* 18 U.S.C. § 924(e)(1). The district court concluded that Lowe was an armed career criminal and imposed the statutory minimum sentence of 180 months.

Lowe filed a notice of appeal, but his appointed lawyer has concluded that the appeal is frivolous and seeks to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Lowe

opposes counsel's motion. *See* CIR. R. 51(b). We limit our review to the potential issues identified in counsel's facially adequate submission and in Lowe's response. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel first considers two issues that arguably arose before Lowe's guilty plea: whether the indictment adequately states an offense and whether the district court erroneously denied Lowe's motion to suppress the gun that formed the basis of the charge against him. In his Rule 51(b) response, Lowe rehashes the arguments in favor of suppressing the gun.  Counsel concludes that a challenge to the indictment or to the suppression ruling would be frivolous on the merits, but the challenges fail for a more fundamental reason—waiver. Because Lowe's plea agreement was unconditional, he waived "all nonjurisdictional defects arising before his plea, including Fourth Amendment claims." *See United States v. Adigun,* 703 F.3d 1014, 1018–19 (7th Cir. 2012); *United States v. Combs*, 657 F.3d 565, 568 (7th Cir. 2011), *cert. denied*, 132 S. Ct. 2373 (2012). A claim that the indictment is defective because it does not state an offense is nonjurisdictional. *United States v. Cotton,* 535 U.S. 625, 631 (2002); *United States v. Perez*, 673 F.3d 667, 670 (7th Cir. 2012); *United States v. De Vaughn*, 694 F.3d 1141, 1149 (10th Cir. 2012); *but see United States v. Peter*, 310 F.3d 709, 715 (11th Cir. 2002) (limiting *Cotton*).  The existence of a circuit split about the reach of *Cotton* might present an arguable nonfrivolous issue, but we agree with counsel that any argument attacking the sufficiency of this indictment would be pointless.  The indictment refers to 18 U.S.C. § 922(g)(1) and § 924(e)(1) and accuses Lowe of knowingly possessing a firearm on February 28, 2011, despite three prior felony convictions. The indictment therefore contains a "plain, concise, and definite written statement of the essential facts constituting the offense." *See* FED. R. CRIM. P. 7(c)(1).

We also agree with counsel that it would be frivolous to challenge the voluntariness of the plea. Lowe did not move the district court to withdraw his guilty plea, so review would be for plain error. *United States v. Vonn*, 535 U.S. 55, 59 (2002). The transcript of the plea colloquy shows that the district court advised Lowe of his trial rights, including his right to counsel, his right to a trial by a jury, his right to the presumption of innocence, and his right to confront witnesses. The court also advised him of the nature of the charged offense and the applicable statutory range of penalties.  The court substantially complied with Rule 11 and therefore ensured that Lowe's plea was voluntary. *See* FED. R. CRIM. P. 11(b).

Counsel next considers whether Lowe could challenge the reasonableness of his sentence of 180 months. The guideline range recommended in the presentence report was 151 to 188 months, but that range was limited by the statutory minimum of 180 months. *See* 18 U.S.C. § 924(e)(1); U.S.S.G. § 5G1.1(c)(2); *United States v. Wren,* Nos. 12-1565, -1580, 2013 WL 452513, at * 1 (7th Cir. Feb. 7, 2013).  The district court properly consulted the sentencing

factors under 18 U.S.C. § 3553(a) and concluded that 180 months' imprisonment was necessary and appropriate to deter Lowe from further criminal activity based on his extensive criminal record. Any challenge to the reasonableness of Lowe's statutory minimum sentence would be frivolous.

In his Rule 51(b) response, Lowe also proposes to challenge the district court's conclusion that he was an armed career criminal, insisting that his prior conviction for battery by a prisoner is not a "violent felony" under 18 U.S.C. § 924(e)(2)(B). This argument was waived, however, because Lowe acknowledged in the plea agreement that he understood the court might deem him an armed career criminal and also admitted to having three predicate convictions for violent felonies, including the conviction for battery by a prisoner.

Finally, Lowe suggests that he might argue that his trial counsel was ineffective for refusing to request an evidentiary hearing and continuing to challenge the evidence seized from his home after the district court denied his motion to suppress. But attacks on the performance of counsel are best saved for a collateral challenge where Lowe can develop a fuller record. *United States v. Isom*, 635 F.3d 904, 909 (7th Cir.), *cert. denied*, 132 S. Ct. 216 (2011); *Massaro v. United States*, 538 U.S. 500, 504 (2003).

The motion to withdraw is **GRANTED**, and the appeal is **DISMISSED**.