[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10458
_____

D.C. Docket No. 6:12-cv-01383-ACC-TBS

DEREK PEREIRA,
CAMILA DE FREITAS,
individually and on behalf of all others
similarly situated,

Plaintiffs - Appellants,

versus

REGIONS BANK,
an Alabama Banking Corporation,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 30, 2014)

Before TJOFLAT, FAY, and ALARCÓN,* Circuit Judges.

_____

* Honorable Arthur L. Alarcón, United States Circuit Judge for the Ninth Circuit, sitting by designation.

PER CURIAM:

Under Florida law, a financial institution "may not settle any check drawn on it otherwise than at par." Fla. Stat. § 655.85.[1] In Baptista v. JPMorgan Chase Bank, N.A., 640 F.3d 1194 (11th Cir. 2011), we held that regulations promulgated by the Office of Comptroller of the Currency (the "OCC") pursuant to the National Bank Act, 12 U.S.C. § 21 et seq., preempted Florida Statute § 655.85 with respect to national banks. Id. at 1198. Here, we consider whether federal law preempts § 655.85 with respect to out-of-state state banks.[2] We readily conclude that it does and therefore affirm.

---

[1] Florida Statute § 655.85 provides, in full,

Whenever any check is forwarded or presented to an institution for payment, except when presented by the payee in person, the paying institution or remitting institution may pay or remit the same, at its option, either in money or in exchange drawn on its reserve agent or agents in the City of New York or in any reserve city within the Sixth Federal Reserve District; however, an institution may not settle any check drawn on it otherwise than at par. The provisions of this section do not apply with respect to the settlement of a check sent to such institution as a special collection item.

[2] Article VI, clause 2 of the Constitution provides:

This Constitution, and the laws of the United States which shall be made in pursuance thereof; and all treaties made, or which shall be made, under the authority of the United States, shall be the supreme law of the land; and the judges in every state shall be bound thereby, anything in the Constitution or laws of any State to the contrary notwithstanding.

Therefore, when a state statute conflicts with a federal law, the state statute must yield.

2

I.

The facts in this case are straightforward.  In July 2012, Derek Pereira and Camila De Freitas each presented a check at a Regions Bank ("Regions") branch.  The checks were drawn on Regions, for which Regions charged Pereira and De Freitas a fee.  Now, Pereira and De Freitas claim that they received "less than par value" because they received less than the full amount of their checks.

Pereira and De Freitas brought this lawsuit as a class-action on August 7, 2012.  Their complaint raised four counts.  Counts I and II alleged that Regions settled a check presented by Pereira and De Freitas, respectively, at less than par, in violation of Florida Statute § 655.85.  Counts III and IV claimed that Regions was unjustly enriched when it settled their check at less than par.  The complaint sought compensatory damages, or, in the alternative, an order disgorging the money alleged to be wrongfully withheld from the plaintiffs.

Regions moved to dismiss the complaint.  With respect to Counts I and II, Regions argued that § 655.85 does not apply to in-person check-cashing transactions, is preempted by federal law, would violate the Dormant Commerce Clause if applied against Regions, and does not provide a private right of action.  As to Counts III and IV, Regions claimed that Pereira and De Freitas failed to state a claim for relief.

3

The District Court dismissed the complaint, concluding that federal law preempts § 655.85 and, because the unjust enrichment claims were premised on the same facts, also preempted those claims.

Pereira and De Freitas now appeal.

## II.

12 U.S.C. § 1831a(j), which is titled "Activities of branches of out-of-State banks," provides, in pertinent part:

> The laws of a host State . . . shall apply to any branch in the host State of an out-of-State State bank to the same extent as such State laws apply to a branch in the host State of an out-of-State national bank. To the extent host State law is inapplicable to a branch of an out-of-State State bank in such host State pursuant to the preceding sentence, home State law shall apply to such branch.

12 U.S.C. § 1831a(j)(1).  We conclude that this statute and our precedent, Baptista v. JPMorgan Chase Bank, N.A., 640 F.3d 1194 (11th Cir. 2011), squarely foreclose Pereira's and De Freitas's causes of action.

Assuming for the sake of argument that Florida Statute § 655.85 would prohibit Florida branches of out-of-state state banks from charging a fee to cash a check presented in person,[3] that law would apply "to the same extent" that it applies to out-of-state national banks.  See 12 U.S.C. § 1831a(j)(1).  And, as

---

[3] We acknowledge that Regions disputes this assumption.  However, given our resolution of the preemption question, we need not interpret how Florida law would apply to an out-of-state state bank's attempt to charge a fee for cashing a check in person.

explained previously, federal law preempts Florida Statute § 655.85 with respect to national banks.  See Baptista, 640 F.3d at 1198 ("[T]here is a clear conflict here: the OCC specifically authorizes banks to charge fees to non-account-holders presenting checks for payment.  The state's prohibition on charging fees to non-account-holders . . . is in substantial conflict with federal authorization to charge such fees.").  Therefore, even if § 655.85 would otherwise apply to Regions, federal law preempts its application.[4]

Although unnecessary to resolve the question at hand, we note that the legislative history surrounding § 1831a(j)(1) supports our reading that Florida Statute § 655.85 is preempted.  When § 1831a(j)(1) first became law in 1994, it read, "The laws of a host State . . . shall apply to any branch in the host State of an out-of-State State bank to the same extent as such State laws apply to <u>a branch of a bank chartered by that State</u>."  12 U.S.C. § 1831a(j)(1) (1994) (emphasis added).  When Congress amended this subsection in 1997, the language was altered to read, "The laws of a host State . . . shall apply to any branch in the host State of an out-of-State State bank to the same extent as such State laws apply to <u>a branch in the host State of an out-of-State national bank</u>." 12 U.S.C. § 1831a(j)(1) (2012)

---

[4] We find no merit in Pereira's and De Freitas's contention that because § 1831a(j)(1) says "apply" and "application," it somehow is not concerned with the enforceability of the host-state law.  Our decision in Baptista made no such distinction, and Pereira and De Freitas make no attempt to explain how their reading comports with our prior precedent.

5

(emphasis added).  The emphasized language clearly indicates that Congress sought to alter how states regulate out-of-state state banks; from treating them the same as in-state state banks to treating them as out-of-state national banks are treated.  Floor statements from Congress as it considered the amendment in 1997 support this reading.[5]

The plain language of § 1831a(j)(1) along with its legislative history, combined with binding circuit precedent, convince us that § 655.85 is preempted as to out-of-state state banks.  Therefore, Pereira and De Freitas have failed to state a claim in Counts I and II of their complaint.

### III.

Because federal law preempts Florida Statute § 655.85 with respect to national banks, by operation of 12 U.S.C. § 1831a(j)(1), so too does it preempt § 655.85 with respect to Regions.  And because Pereira and De Freitas have premised their unjust enrichment claims on the same facts as they lay out in Counts I and II, Counts III and IV are similarly preempted.[6]

---

[5] See, e.g., 143 Cong. Rec. 9063 (1997) (statement of Rep. Roukema) ("The essence of this legislation is to provide parity between State-chartered banks and national banks. . . . [I]t recognizes the importance of host State laws by requiring all out-of-State banks to comply with host State laws . . . unless the State law has been preempted by national banks.").

[6] And even if they were not preempted, Baptista explains why their unjust enrichment claims necessarily fail:

Accordingly, the District Court is AFFIRMED.

SO ORDERED.

---

"When a defendant has given adequate consideration to someone for the benefit conferred, a claim of unjust enrichment fails." Am. Safety Ins. Serv., Inc. v. Griggs, 959 So.2d 322, 331–32 (Fla. Dist. Ct. App. 2007).  Here, [the payee] requested to have the check cashed immediately upon presentment to [the bank], and in return, [the bank] requested a . . . fee.  [The payee] agreed to the fee.  If [the payee] had chosen to deposit the check in [his] own account and wait for processing, no fee would have been levied.  The fee was only levied because [the bank] conferred an additional benefit on [the payee], that is, immediate payment of the check.  Because [the payee] cannot show that [the bank] failed to give consideration . . . [his] claim for unjust enrichment fails as a matter of law.

Baptista, 640 F.3d at 1198 n.3.