[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-10166

Non-Argument Calendar

_____

AL DOUGLAS WORDLY,

Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket Nos. 1:20-cv-22499-FAM,
1:01-cr-00396-FAM-3

————————————

Before WILSON, ROSENBAUM, and LUCK, Circuit Judges.

PER CURIAM:

Al Wordly, a counseled federal prisoner serving 660 months for federal drug, gun, and robbery crimes, appeals the district court's denial of his motion to vacate under 28 U.S.C. § 2255. As relevant here, Wordly was convicted of conspiracy to possess a firearm in furtherance of a crime of violence or drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) and (o). After the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), which made it more difficult for offenses to qualify as valid § 924(c) predicate offenses, we authorized Wordly to file a second or successive § 2255 motion challenging this conviction. We noted, however, that "other defenses might bar or defeat Wordly's *Davis* claim." The district court denied the claim after concluding that it was procedurally defaulted, though the court granted a certificate of appealability. On appeal, Wordly argues that the *Davis* error is jurisdictional and not subject to procedural default, that he established cause and prejudice to excuse his failure to raise the claim on direct appeal, and that he falls within an exception for actual innocence. After careful review, we affirm.

## I.

In 1997, Wordly was involved with a group of conspirators who planned and undertook a series of three, armed-invasion robberies of drug dealers' stash houses. *See In re Cannon*, 931 F.3d

1236, 1238 (11th Cir. 2019) (addressing codefendant Ulysses Cannon's case arising from the same underlying facts).  They targeted these homes because they were likely to contain large quantities of cash and drugs, which the conspirators intended to distribute after stealing.  During the robberies, the conspirators, while armed, forced their way into the homes, tied up and pistol-whipped the occupants, ransacked the homes, and took cash, jewelry, vehicles, and drugs, including marijuana or cocaine.  *Id.*  Wordly participated in the first two robberies, on June 20 and August 1 of 1997, respectively, but not the final one on September 23, 1997.

In 2001, a federal grand returned a superseding indictment against Wordly and his coconspirators.  Wordly was charged with three overlapping conspiracies: conspiracy to possess with intent to distribute marijuana and cocaine, *see* 21 U.S.C. § 841(a)(1), (b)(1)(A) (Count 1); conspiracy to commit Hobbs Act robbery, *see* 18 U.S.C. § 1951(a) (Count 2); and conspiracy to use and carry a firearm during and in relation to, and to possess a firearm in furtherance of, a crime of violence and drug-trafficking crime, *see id.* § 924(c)(1)(A) and (o) (Count 3).  He also faced substantive charges for his participation in the two robberies.  For the June 20 robbery, he was charged with attempt to possess with intent to distribute cocaine, *see* 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846 (Count 4); Hobbs Act robbery, *see* 18 U.S.C. § 1951(a)(1) (Count 5); and possession of a firearm in furtherance of a crime of violence and drug-trafficking crime, *see id.* § 924(c)(1)(A) (Count 6).  Similarly, for the August 1 robbery, he was charged with attempt to possess with

intent to distribute cocaine, *see* 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846 (Count 7); attempted Hobbs Act robbery, *see* 18 U.S.C. § 1951(a) (Count 8); and another substantive § 924(c)(1)(A) violation (Count 9). Six other counts were brought solely against his codefendants (Counts 10–15). The indictment listed each of the offenses in Counts 1, 2, 4, 5, 7, 8, 10, 11, 12, and 13 as predicate crime-of-violence or drug-trafficking offenses for Count 3.

At trial, the jury returned a general verdict of guilty on all counts and did not specify which counts it found were predicates for Count 3. The district court granted a judgment of acquittal on the substantive Hobbs Act offenses—Counts 5, 8, and 11—for lack of proof of a nexus to interstate commerce. It then sentenced Wordly to 660 months' imprisonment, consisting of 360 months for Counts 1 and 4 and 240 months for Counts 2, 3, and 7, to be served concurrently with each other; 60 months for Count 6, consecutive to the terms for Counts 1, 2, 3, 4, and 7; and 240 months for Count 9, consecutive to the term for Count 6.

In 2003, we upheld Wordly's convictions and sentence on direct appeal. At that time, he did not raise any vagueness challenge to his convictions. Then, in 2005, the district court denied Wordly's motion to vacate under 28 U.S.C. § 2255 on the merits. Both the district court and this Court denied a COA, so Wordly's appeal was dismissed. *See* 28 U.S.C. § 2253(c).

In the wake of the Supreme Court's decision in *Davis*, we granted Wordly's application for permission to file a second or

successive § 2255 motion, and the district court appointed counsel.[1] We noted, however, that "other defenses might bar or defeat Wordly's *Davis* claim."

By way of brief background, § 924(c) makes it a crime to possess a firearm in furtherance of a crime of violence or drug-trafficking crime. 18 U.S.C. § 924(c)(1)(A); *see also id.* § 924(o) (making it a crime "to conspire to commit an offense" under § 924(c)). The statute defines the term "crime of violence" in two ways, known as the elements clause and the residual clause. 18 U.S.C. § 924(c)(3). In *Davis*, the Supreme Court held that the residual clause in § 924(c)(3)(B) was unconstitutionally vague. *See Davis,* 139 S. Ct. at 2326–27, 2336. We subsequently concluded that conspiracy to commit Hobbs Act robbery does not categorically qualify as a crime of violence under the elements clause in § 924(c)(3)(A), and thus, would qualify as a predicate offense under only the unconstitutional residual clause. *Brown v. United States*, 942 F.3d 1069, 1075–76 (11th Cir. 2019).

In his § 2255 motion, Wordly argued that his § 924(o) conviction on Count 3 was invalid because the jury returned a general verdict, so it could have based his conviction on a predicate offense—namely, conspiracy to commit Hobbs Act robbery in Count 2—that was not a crime of violence after *Davis*. The government

---

[1] Meanwhile, Wordly also moved for leave to file a successive § 2255 motion in 2016, a simultaneous successive § 2255 motion in the district court, and for leave to file a successive § 2255 motion in 2017, all of which were denied.

responded that Wordly's claim was procedurally barred because he did not raise it at sentencing or on direct appeal and that, in any event, his conviction was still supported by valid predicates unaffected by *Davis*. The district court held the case in abeyance pending our resolution of appeals involving the same or similar issues.

Once the pending appeals were decided, the district court reopened the case, and the magistrate judge prepared a report recommending denial of the § 2255 motion. Over Wordly's objections, the court adopted the magistrate judge's conclusion that the *Davis* claim was procedurally defaulted under our recent decision in *Granda v. United States*, 990 F.3d 1272 (11th Cir. 2021). The court found that the error was not jurisdictional and that Wordly had not established cause to excuse the default or actual prejudice. The court also reasoned that Wordly's claim failed on the merits because there was no indication the jury relied solely on the invalid predicate offense instead of the other valid predicates. Nevertheless, the court granted a COA, and this appeal followed.

## II.

In reviewing the denial of a § 2255 motion, we review legal conclusions de novo and underlying factual findings for clear error. *Spencer v. United States*, 773 F.3d 1132, 1137 (11th Cir. 2014) (en banc). Whether procedural default bars a § 2255 movant's claim is a mixed question of law and fact that we review de novo. *Granda*, 990 F.3d at 1286.

## III.

Motions to vacate an illegal sentence under § 2255 are subject to the doctrine of procedural default. *Id.* at 1280. That doctrine bars a defendant from obtaining postconviction relief based on an argument that he could have raised earlier. *McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011). And it applies here because Wordly did not raise a vagueness argument on direct appeal. *See id.* But Wordly can overcome the bar by establishing cause and prejudice, or he can avoid the bar by establishing that the alleged error is jurisdictional, *United States v. Bane*, 948 F.3d 1290, 1294 (11th Cir. 2020), or that he is actually innocent, *McKay*, 657 F.3d at 1196–97.

Wordly makes all three arguments. He maintains that the *Davis* error in his case is jurisdictional and cannot be waived. He also contends that, even if not jurisdictional, he established cause and prejudice. Finally, he asserts the actual-innocence exception applies. We consider each issue in turn.

## A.

Defects in subject-matter jurisdiction—*i.e.*, a "court's power to hear a case"—are never "forfeited or waived," and they "require correction regardless of whether the error was raised in district court." *United States v. Cotton*, 535 U.S. 625, 630 (2002). "A jurisdictional defect is one that strips the court of its power to act and makes its judgment void." *McCoy v. United States*, 266 F.3d 1245, 1249 (11th Cir. 2001) (cleaned up).

District courts have power to adjudicate "all offenses against the laws of the United States." 18 U.S.C. § 3231.  An indictment that "charges the defendant with violating a valid federal statute as enacted in the United States Code" is sufficient to invoke the court's jurisdiction under § 3231.  *United States v. Brown*, 752 F.3d 1344, 1354 (11th Cir. 2014).  But "when the indictment itself fails to charge a crime, the district court lacks jurisdiction." *United States v. Moore*, 954 F.3d 1322, 1334 (11th Cir. 2020).  An indictment "fail[s] to charge a legitimate offense" if a defendant could not lawfully be convicted no matter how validly his factual guilt is established.  *See United States v. Saac*, 632 F.3d 1203, 1208 (11th Cir. 2011) ("A defendant's claim that the indictment failed to charge a legitimate offense is jurisdictional and is not waived upon pleading guilty."); *United States v. Peter*, 310 F.3d 709, 713 (11th Cir. 2002) ("[A] district court is without jurisdiction to accept a guilty plea to a 'non-offense.'").

Here, the district court properly found that the *Davis* error was not jurisdictional.  *Davis* and *Brown* together make clear that Wordly's conviction for Hobbs Act conspiracy in Count 2 does not qualify as a "crime of violence" for purposes of § 924(c).  *See Davis*, 139 S. Ct. at 2336; *Brown*, 942 F.3d at 1075–76.  So he could not lawfully have been convicted of conspiring to possess a firearm in furtherance of that offense under § 924(o) in Count 3.  And if that were the sole predicate offense supporting his § 924(o) offense, this would be a different case.  *See United States v. St. Hubert*, 909 F.3d 335, 338, 341–45 (11th Cir. 2019) (holding that a similar claim was

jurisdictional where the defendant challenged the validity of all predicate offenses), *abrogated on other grounds by Davis*, 139 S. Ct. at 2336, *and United States v. Taylor*, 142 S. Ct. 2015, 2021, 2025–26 (2022); *Peter*, 310 F.3d at 714 (describing as jurisdictional a claim that "the indictment consisted *only* of specific conduct that, as a matter of law, was outside the sweep of the charging statute" (emphasis added)).

But the § 924(o) count in Wordly's indictment alleged both the invalid Hobbs Act conspiracy predicate and undisputedly valid drug-trafficking predicates. And § 924(o) requires only one predicate that qualifies as a crime of violence or a drug-trafficking crime. *See Granda*, 990 F.3d at 1288–89 (explaining that a § 924(o) conviction is "legally valid" if supported by at least one valid predicate, notwithstanding the presence of invalid predicates). Because Wordly could lawfully have been convicted on Count 3 based on one of several valid predicates, as we explain in more detail below, his conduct was within the scope of § 924(o), and the indictment properly invoked the district court's jurisdiction. *See Brown*, 752 F.3d 1354; *Peter*, 310 F.3d at 714.

## B.

As to the issue of cause and prejudice, *Granda* controls this appeal. Like the movant in *Granda*, Wordly raised a procedurally defaulted challenge to the validity of a § 924(o) conviction based on *Davis*. *See* 990 F.3d at 1281–83. As in *Granda*, his indictment alleged other predicates as support for that conviction, including undisputedly valid drug-trafficking crimes. *Id.* at 1284–85. And like

in *Granda*, the jury returned a general guilty verdict after being instructed that a conviction under § 924(o) could be based on any one or more predicate offenses. *See id.* at 1285.

In *Granda*, we concluded that the defendant's *Davis* claim was not sufficiently novel to establish cause. *Id.* at 1286–87. We explained that while *Davis* announced a new constitutional rule of retroactive application, it was not a "sufficiently clear break with the past" that an attorney representing Granda "would not reasonably have had the tools" necessary to present the claim before *Davis*. *Id.* (quotation marks omitted). We found that the case law at the time of Granda's appeal "confirm[ed] that he did not then lack the 'building blocks of' a due process vagueness challenge to the § 924(c) residual clause." *Id.* at 1287–88 (citing cases going back to 1986 that demonstrated litigants had been raising vagueness challenges to other parts of § 924(c) "for years"). Thus, we ruled that Granda's *Davis* claim was available in 2009 when he filed his direct appeal. *Id.*

Next, we concluded that, even assuming Granda's *Davis* claim was novel, he was not actually prejudiced because he could not show "a substantial likelihood" that "the jury relied only on" the invalid predicate to convict him. *Id.* at 1288. We explained that it was "not enough for Granda to show that the jury may have relied on the Count 3 Hobbs Act conspiracy conviction as the predicate." *Id.* That's because "reliance on any of [the other valid predicates] would have provided a wholly independent, sufficient, and legally valid basis to convict." *Id.* So, we stated, "[i]f the absence

of the invalid Count 3 predicate would not likely have changed the jury's decision to convict, Granda ha[d] not suffered actual prejudice." *Id.*

We ruled that Granda could not establish actual prejudice because "the alternative predicate offenses [we]re inextricably intertwined—each arose from the same plan and attempt to commit armed robbery of a tractor-trailer full of cocaine." *Id.* at 1291. Because the jury unanimously found Granda guilty of all the valid predicates, which "rested on the same operative facts and the same set of events" as the invalid predicate, we concluded that no reasonable jury could have found that he conspired to possess the firearm in furtherance of the robbery conspiracy without also finding he conspired to possess the firearm in furtherance of the drug-trafficking predicates. *Id.* at 1289–90. "The tightly bound factual relationship of the predicate offenses," in other words, prevented Granda from showing a "substantial likelihood that the jury relied solely" on the invalid predicate. *Id.* at 1291.

Wordly concedes that his argument that he demonstrated cause for procedural default is foreclosed by *Granda*, and he raises this issue solely to preserve it for further review. *Granda* is binding on us as a panel, *see United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008), so we affirm the court's ruling on the issue of cause without further discussion.

As to prejudice, Wordly attempts to distinguish *Granda*, which he maintains was wrongly decided, on the ground that his sentences were structured to run consecutively, while Granda's ran

concurrently. And he asserts that, "[d]ue to his unlawful § 924(o) conviction, [he] received a prison sentence longer than the one he would have otherwise received," which constitutes actual prejudice. Appellant's Initial Br. at 18 (emphasis added).

But that argument simply skips the critical step: whether his § 924(o) conviction was unlawful. It is "not enough for [Wordly] to show that the jury may have relied on the Count [2] Hobbs Act conspiracy conviction as the predicate for his Count [3] § 924(o) conviction." Granda, 990 F.3d at 1288. Rather, to establish actual prejudice, Wordly had to show "a substantial likelihood" that "the jury relied only on" the invalid predicate to convict him. Id. He has made no attempt to do so on appeal, and so has abandoned the issue. See Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 680 (11th Cir. 2014) (issues not briefed on appeal are deemed abandoned).

Nor do we see anything that would meaningfully distinguish this case from Granda. Like in Granda, all the predicate offenses here arose out of the same scheme and attempts to commit armed robbery of drug dealers' stash houses and to later distribute the fruits of their crimes. See Granda, 990 F.3d at 1289–91 (arising from "the same plan and attempt to commit armed robbery of a tractor-trailer full of cocaine"); see also Parker v. United States, 993 F.3d 1257, 1263 (11th Cir. 2021) (finding Granda to be "materially indistinguishable" as applied to predicate offenses arising from the same "plan to rob at gunpoint a stash house that held at least 15 kilograms of cocaine"). And the jury unanimously found Wordly

guilty of each and every predicate offense. Based on the evidence presented at trial, "no reasonable jury could have found that [Wordly] conspired to, and did, use and carry a firearm in furtherance of his conspiracy to rob the house[s] (the invalid predicate) without also finding at the same time that he did so in furtherance of his conspiracy and attempt to obtain the cocaine in the same house[s] (both valid predicates)." *Parker*, 993 F.3d at 1263. Because it is "undeniable on this record" that the "valid drug trafficking predicates [were] inextricably intertwined with the invalid Hobbs Act conspiracy predicate," Wordly cannot show a substantial likelihood that the jury relied solely on the invalid predicate. *See id.* at 1263–64.

For these reasons, Wordly has not established cause and prejudice to excuse the procedural default of his *Davis* claim.

## C.

Finally, Wordly's argument that actual innocence excuses his procedural default also fails. We have held that the "actual innocence exception" requires a showing of "factual innocence" of the crime that serves as the predicate offense. *McKay*, 657 F.3d at 1199. But we do not "extend the actual innocence of sentence exception to claims of legal innocence of a predicate offense justifying an enhanced sentence." *Id.* Rather, "[t]o demonstrate actual innocence of the § 924(o) offense, [Wordly] would have to show that no reasonable juror would have concluded he conspired to possess a firearm in furtherance of any of the valid predicate offenses." *Granda*, 990 F.3d at 1292. Wordly makes no argument that he is

factually innocent of the valid predicate offenses, and the argument he does make is foreclosed by *McKay*. So he does not fall within the exception for actual innocence. *See id.*

## IV.

For these reasons, we hold that procedural default bars Wordly's *Davis* claim because the asserted error was not jurisdictional, and Wordly cannot show cause, prejudice, or actual innocence to overcome that bar.

**AFFIRMED.**