**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-12950

Non-Argument Calendar

_____

MARK RICHARD HILLSTROM,

*Plaintiff-Appellant,*

*versus*

UNITED STATES OF AMERICA,

*Defendant-Appellee.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:24-cv-80780-DMM

_____

Before NEWSOM, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Mark Richard Hillstrom appeals the district court's order denying his petition for a writ of error coram nobis challenging his

conviction for transmitting in interstate commerce a communication containing a threat to injure the person of another. By the time he filed this writ, Hillstrom had already served his sentence and was no longer in custody. Hillstrom argues that the district court abused its discretion in denying his petition because the indictment supporting his conviction failed to charge that he had a subjective understanding of the threatening nature of his statements, as required by *Counterman v. Colorado*, 600 U.S. 66 (2023). Thus, he argues that his indictment did not allege conduct which constituted a crime, that the district court lacked jurisdiction to convict him, and that his guilty plea does not bar relief.

We review a district court's denial of coram nobis relief for abuse of discretion. *Ramdeo v. United States*, 136 F.4th 1348, 1350 (11th Cir. 2025). "A district court abuses its discretion when its ruling rests upon a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact." *Id.* (quoting *United States v. Harding*, 104 F.4th 1291, 1295-96 (11th Cir. 2024)).

We "may affirm for any reason supported by the record." *United States v. Hall*, 714 F.3d 1270, 1271 (11th Cir. 2013) (quoting *United States v. Chitwood*, 676 F.3d 971, 975 (11th Cir. 2012)).

Under the "All Writs Act," federal courts may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law. 28 U.S.C. § 1651(a). "The All Writs Act is a residual source of authority" that may be used by the courts when a statute does not address the spe-

cific issue raised and the need for an extraordinary remedy arises. *Pa. Bureau of Corr. v. U.S. Marshals Serv.*, 474 U.S. 34, 43 (1985). The All Writs Act allows the courts to recognize common law postconviction remedies. *United States v. Holt*, 417 F.3d 1172, 1174 (11th Cir. 2005).

The All Writs Act provides federal courts with the authority to issue writs of error coram nobis. *United States v. Mills*, 221 F.3d 1201, 1203 (11th Cir. 2000). The writ of error coram nobis is "an extraordinary remedy of last resort available only in compelling circumstances where necessary to achieve justice." *Id.* "A writ of error coram nobis is a remedy available to vacate a conviction when the petitioner has served his sentence and is no longer in custody, as is required for post-conviction relief under 28 U.S.C. § 2255." *United States v. Peter*, 310 F.3d 709, 712 (11th Cir. 2002).[1]

The bar for granting a petition for a writ of error coram nobis is high. *Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir. 2000). Coram nobis relief is only appropriate where "(1) 'no other remedy is available and the petitioner presents sound reasons for failing to seek relief earlier'; and (2) 'the error involves a matter of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular and invalid.'" *Ramdeo*, 136 F.4th at 1354 (quoting *Mills*,

---

[1] Coram nobis is treated as a civil matter for the purposes of Fed.R.App.P. 4(a). *See* Fed.R.App.P. 4(a)(1)(C) ("An appeal from an order granting or denying an application for a writ of error coram nobis is an appeal in a civil case for purposes of Rule 4(a).").

221 F.3d at 1204; *Alikhani*, 200 F.3d at 734).  In *Peter*, we concluded that coram nobis relief was appropriate because, after the petitioner had served his sentence for mail fraud, the Supreme Court issued a case holding that the same conduct for which he was indicted and pled guilty was not covered by the mail fraud statute.  *See Peter*, 310 F.3d at 711.

In *Elonis v. United States*, the Supreme Court reversed the defendant's conviction, holding that the district court erred where the "jury was instructed that the Government need prove only that a reasonable person would regard Elonis's communications as threats."  *Elonis v. United States*, 575 U.S. 723, 740 (2015).  The Supreme Court explained that federal criminal liability must consider "the defendant's mental state."  *Id.*  The Supreme Court declined to decide whether a finding of recklessness would be sufficient to satisfy the mental state requirement in § 875(c) but determined that the mental state requirement "is satisfied if the defendant transmits a communication for the purpose of issuing a threat, or with knowledge that the communication will be viewed as a threat."  *Id.*

In *Counterman v. Colorado*, the Supreme Court addressed the question of "whether the First Amendment still requires proof that the defendant had some subjective understanding of the threatening nature of his statements."  *Counterman*, 600 U.S. at 69.  The Supreme Court held that it does and that the applicable mental state was recklessness.  *Id.*  The Supreme Court explained that a person "acts recklessly, in the most common formulation, when he 'consciously disregard[s] a substantial [and unjustifiable] risk that the

conduct will cause harm to another.'" *Id.* at 79 (quoting *Voisine v. United States*, 579 U.S. 686, 691 (2016) (brackets in original)). "In the threats context, it means that a speaker is aware 'that others could regard his statements as' threatening violence and 'delivers them anyway.'" *Id.* (quoting *Elonis*, 575 U.S. at 746 (Alito, J, concurring in part and dissenting in part)). The Supreme Court explained that knowledge is a more culpable level of mental state than recklessness, and it exists where a person "'is aware that [a] result is practically certain to follow'—so here, when he knows to a practical certainty that others will take his words as threats." *Id.* (quoting *United States v. Bailey*, 444 U.S. 394, 404 (1980)) (alteration in original).

The district court did not abuse its discretion in concluding that coram nobis relief is unavailable here because the purported error involves a matter that has already been "passed upon" by the district court and this Court during Hillstrom's § 2255 proceedings. *Ramdeo*, 136 F.4th at 1354. Hillstrom challenges the lack of language in the indictment indicating that he had a subjective understanding of the threatening nature of his communication as required by *Counterman*. *See Counterman*, 600 U.S. at 69. Hillstrom previously asserted the same claim in his § 2255 motion, arguing that, under *Elonis*, the conduct to which he pled guilty was not a crime because the indictment failed to charge a subjective mens rea.

Hillstrom suggests that he is now raising (in this petition for a writ of coram nobis) a claim under *Counterman* which he argues

is different from the claim he raised in his § 2255 proceedings which was a claim under *Elonis*. We disagree. Both his *Elonis*-based claim in the § 2255 proceedings and his *Counterman*-based claim here are claims that the conduct to which he pled guilty was not a crime. Although *Counterman* clarified that recklessness would be sufficient to satisfy the required mens rea, it defined recklessness to include "that a speaker is aware 'that others could regard his statements as' threatening violence and 'delivers them anyway.'" *Counterman*, 600 US at 79 (quoting *Elonis*, 575 US at 746 (Alito, J, concurring in part and dissenting in part)). That is, *Counterman* reconfirmed that the mens rea, which *Elonis* had identified as sufficient, was indeed sufficient. *See Elonis*, 575 US at 740 ("There is no dispute that the mental state requirement in Section 875(c) is satisfied if the defendant transmits a communication . . . with knowledge that the communication will be viewed as a threat.").

The material issue for this coram nobis case is whether Hillstrom's § 2255 proceedings raised the same claim he now raises in this coram nobis proceeding, such that it can be fairly said that the claim was "passed upon" in the § 2255 proceedings. The answer is clearly in the affirmative. Hillstrom's claim in both proceedings is that his indictment did not allege conduct that constitutes a crime because it did not allege a sufficient mens rea.

In Hillstrom's 2255 proceedings, he argued that his indictment did not allege conduct that constitutes a crime because it did not allege a mens rea that satisfied *Elonis*. In this proceeding, he argues that his indictment did not allege conduct that constitutes a

crime because it did not allege a mens rea that satisfied *Counterman*. The crucial issue in both instances is whether Hillstrom's indictment charged conduct that constitutes a crime. Because the courts rejected Hillstrom's *Elonis*-based claim in the § 2255 proceedings that his indictment failed to charge a crime, and because *Counterman* reconfirmed the sufficiency of the mens rea identified as sufficient in *Elonis*, it is clear that the same claim that Hillstrom now raises in this coram nobis proceeding was "passed upon" in the previous § 2255 proceedings.

Hillstrom is thus barred from coram nobis relief, and the district court did not abuse its discretion in denying his petition. *Ramdeo*, 136 F.4th at 1350.

**AFFIRMED.**